**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH CHRIS HERNANDEZ,<br><br>Defendant. | Criminal No. 08-198 (1) (JRT)<br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255(a)** |

Andrew R. Winter, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Gary R. Wolf**, WOLF LAW OFFICE**, Suite 205, 250 Second Avenue South, Minneapolis, MN 55401, for defendant.

Defendant Joseph Chris Hernandez pled guilty to conspiracy to distribute 500 grams or more of methamphetamine. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a), 846. He was sentenced to 210 months on August 6, 2009. Hernandez now moves the Court to correct his sentence pursuant to 28 U.S.C. § 2255. He alleges that the Court erroneously characterized him as a career offender, resulting in his confinement in a "high" rather than "medium" security facility. For the reasons stated below, Hernandez's motion is denied.[1]

---

[1] The Court concludes that an evidentiary hearing is unnecessary as "the motion and the files and records of the case conclusively show that [Hernandez] is entitled to no relief." 28 U.S.C. § 2255(b).

## BACKGROUND

At Hernandez's sentencing hearing on August 6, 2009, Hernandez had several prior convictions for which criminal history points were awarded, including a July 19, 1999 conviction for escaping from custody. The Court found a base offense level of 38, and declined to apply proposed enhancements for possession of firearms or Hernandez's role as a manager or supervisor. The Court applied a downward adjustment of three levels for Hernandez's acceptance of responsibility, bringing the offense level to 35. The Court found Hernandez's criminal history to be a Category V, **and explicitly stated it would not apply a career offender enhancement**. In addition, the Court granted the government's motion under U.S.S.G. § 5K1.1 and departed downward two more levels based on Hernandez's substantial assistance to the government. Hernandez's total offense level was 33 with an guideline range of 210 to 262 months. He was sentenced to 210 months, the mandatory minimum. *See* 8 U.S.C. § 841(b)(1)(A)(viii).

On June 1, 2010, Hernandez filed this motion under 28 U.S.C. § 2255 requesting that the Court vacate his sentence and resentence him without a career offender enhancement.

## ANALYSIS

A prisoner may file a motion to vacate, set aside, or correct a sentence imposed by a federal district court if "the sentence was imposed in violation of the Constitution or laws of the United States . . . the court was without jurisdiction to impose such sentence . . . the sentence was in excess of the maximum authorized by law, or [the sentence] is

otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996).

As an initial matter, a "claim of error in interpreting the career offender guidelines does not present a cognizable claim" under § 2255. *Auman v. United States,* 67 F.3d 157, 161 (8th Cir. 1995). Section 2255 does not apply to "garden-variety Sentencing Guideline application issues." *Id.* Hernandez's claim of sentencing error is more properly the subject of a direct appeal, which he has not taken.

Even if Hernandez's claim was properly before the Court, it would nonetheless lack merit. Contrary to Hernandez's assertion, **the Court did not sentence him as a career offender**. The presentence investigation report ("PSR"), on which Hernandez relies, initially suggested that he was a career offender. However, after the Court stated at Hernandez's sentencing that it would not apply the career offender enhancement, the PSR was subsequently revised to exclude findings that Hernandez was a career offender.

Hernandez's argument that a career offender enhancement was unwarranted is based on the Court's alleged misclassifying his conviction for escape from custody as a felony rather than a gross misdemeanor. The conviction was relevant, however, only with regard to his criminal history points. Under the Sentencing Guidelines, the two points for Hernandez's prior conviction for escape from custody resulted from the length of his imprisonment for that conviction, not any determination about whether the

underlying crime was a felony.  U.S.S.G. § 4A.1.1(b).  Assuming Hernandez's escape from custody conviction was a gross misdemeanor rather than a felony, his criminal history points would remain a ten.  Based on his category V criminal history and total offense level of 33, Hernandez was sentenced at the bottom of the guideline range and mandatory minimum to 210 months in prison.  *Id.*  No "complete miscarriage of justice" occurred in Hernandez's sentencing that would warrant relief under § 2255 even if his claim was properly before the Court.

Moreover, the Court may not consider Hernandez's claims regarding his assignment to a particular prison because he has failed to exhaust his administrative remedies.  According to Hernandez, the Bureau of Prisons (BOP) has assigned him to a "'High' security facility instead of a 'Medium' security facility" because of the Court's supposed designation of him as a career offender.  Before requesting habeas relief from the federal courts regarding the manner in which his sentence has been executed, an inmate must first exhaust his administrative remedies.  *United States v. Chappel,* 208 F.3d 1069, 1069–70 (8th Cir. 2000).[2]  In addition, the Court notes that claims challenging the execution of a sentence, rather than the validity of the sentence itself, should be filed in a petition for writ of habeas corpus under § 2241, not § 2255.  *See Matheny v. Morrison,* 307 F.3d 709, 711 (8th Cir. 2002).

---

[2] The process begins when the inmate seeks informal resolution of the issue with institutional staff.  28 C.F.R. § 542.13(a).[2]  The inmate may then submit a formal written request to "the institution staff member designated to receive such Requests," within twenty days following the date on which the basis for the request occurred, or within any extension permitted.  28 C.F.R. § 542.14.  Following resolution of the request, the inmate may appeal to the Regional Director of BOP within twenty days, and may appeal the Regional Director's decision to BOP's General Counsel within thirty days.  28 C.F.R. § 542.15(a).

- 5 -

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's motion to correct sentence pursuant to 28 U.S.C. § 2255 [Docket No. 118] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  April 14, 2011  
at Minneapolis, Minnesota.

　　　　　　　　　　　　　　　　s/ John R. Tunheim  
　　　　　　　　　　　　　　　　JOHN R. TUNHEIM  
　　　　　　　　　　　　　　　　United States District Judge